IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

        Plaintiff,                    No. CIV S-07-2131 MCE EFB P

    vs.

HUMPHREYS, et al.,

        Defendants.          <u>ORDER</u>

_____/

      Plaintiff, a prisoner without counsel, has filed a complaint alleging civil rights violations. *See* 42 U.S.C. § 1983. He has submitted an affidavit requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). He previously filed an application to proceed *in forma pauperis*, but failed to include a copy of his trust account statement bearing a certified stamp. The court gave him 30 days within which to file a certified copy of that statement on October 26, 2007. Plaintiff filed a new application to proceed *in forma pauperis* on November 7, 2007, together with a copy of his trust-account statement for the six-month period preceding the filing of his complaint.

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

////

////

1

Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make an initial payment of $2.20 and monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

On October 10, 2007, plaintiff filed his original complaint. Before any defendant was served, plaintiff filed an amended complaint on October 22, 2007. The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Humphreys and Nelson. *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against defendant Subia, Warden of Mule Creek State Prison. To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

Plaintiff may proceed forthwith to serve defendants Humphreys and Nelson and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendant Subia.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant Subia, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Humphreys and Nelson, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials

for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Subia without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*.  An appeal must

be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Humphreys and Nelson.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $1.10. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendant Subia are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Humphreys and Nelson. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed October 22, 2007, two USM-285 forms and instructions for service of process on defendants Humphreys and Nelson. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the October 22, 2007, amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Humphreys and Nelson will be required to respond to plaintiff's allegations within the deadlines

1  stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to
2  proceed forthwith as consent to an order dismissing his defective claims against defendant Subia
3  without prejudice.

4  Dated: April 9, 2008.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER, ,

    Plaintiff,               No. CIV S-07-2131 MCE EFB P

   vs.

HUMPHREYS, et al.,

    Defendants.         NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__     completed summons form

        _____     completed forms USM-285

        _____     copies of the _____
                                Amended Complaint

Dated:

                                          _____
                                                    Plaintiff