IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

      Plaintiff,                             No. CIV S-07-2131 MCE EFB P

    vs.

HUMPHREYS, et al.,

      Defendants.                  <u>FINDINGS AND RECOMMENDATIONS</u>

                             /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant Nelson was deliberately indifferent to plaintiff's safety needs by failing to protect him from an assault by his cellmate on September 5, 2007. Defendant has moved to dismiss plaintiff's complaint for failure to exhaust administrative remedies prior to filing suit. For the reasons stated below, the court finds that defendant's motion to dismiss must be granted.

**I.    Legal Standards**

       Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory

1

and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Nor does § 1997e(a) require a plaintiff to plead exhaustion. *Id.* at 1119. Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.* The Ninth Circuit determined in *Wyatt* that because the defense of failure to exhaust "is not on the merits" and summary judgment "is on the merits," the defense should be treated as a matter in abatement[1] to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Id.*

---

[1] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement. *Black's Law Dictionary* 4 (6th ed. 1990). The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it. It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies." *Black's Law Dictionary* 1151 (6th ed. 1990). The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule." Thus, for example, the Revision Notes to 28 U.S.C. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor. The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'" Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a

The Circuit stated that "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.

The United States Supreme Court expressly stated in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that failure to exhaust under the PLRA is an affirmative defense. If the affirmative defense can be decided on the pleadings alone, a motion under Rule 12(b)(6) is appropriate. *Id.* at 215. The Court analogized to a motion to dismiss based on a statute limitations defense and stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id*.

But, even when they are not addressed to the merits those affirmative defenses that require the presentation of evidence outside the pleadings (which includes the defense of failure to exhaust as required by 42 U.S.C. § 1997e(a)) must be addressed under standards that apply the procedural safeguards of Rule 56, so that disputed material factual issues and the credibility of conflicting witnesses are resolved through live testimony and not on paper.[2] Fed. R. Civ. P.

---

plea in abatement. *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement").

[2] As discussed above, the reasoning in *Wyatt* for adhering to Rule 12(b) appears to have been that frequently a motion for "summary judgment is on the merits," and a failure to exhaust is independent of the substantive claims before the court. *Wyatt*, 315 F.3d at 1119. But, a motion asserting an affirmative defense, even when it does not address the merits of the substantive claims, must be brought under Rule 56 if the motion relies upon matters extrinsic to the complaint to establish the factual predicate for the defense. Motions challenging exhaustion of administrative remedies frequently rely on declarations and exhibits that are extrinsic to the complaint.

3

12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).[3] The Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and noted that departures from the usual procedural requirements are to be expressly made by Congress. *Jones*, 549 U.S. at 212, 214-16 Additionally, the Ninth Circuit recognized in *Wyatt* that when the district court looks beyond the pleadings to a factual record, which commonly occurs in deciding an exhaustion motion, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt*, 315 F.3d at 1119, n.14.

Thus, whether a motion asserting an affirmative defense such as failure to exhaust may be raised under Rule 12 or Rule 56 is not determined by whether the defense asserted in the motion goes to the "merits" of the claim. Whether judgment is sought on the merits or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes reaching the merits (i.e., exhaustion, claim or issue preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion. *See Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as

---

[3] Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings. *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

true, show the plaintiff is not entitled to relief.").

Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Notwithstanding the analysis above, the court recognizes that under *Wyatt* the instant motion is to be presented as an "unenumerated" Rule 12(b) motion to dismiss. However, the court analyzes the motion, as *Wyatt* suggests, under a standard "closely analogous to summary judgment." 315 F.3d at 119, n.15. If, under that standard, the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.* at 1119-20.

On November 14, 2008, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

**II.     Exhaustion Under California Law**

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*. at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*. at § 3084.5. A division head reviews appeals on the first formal level, *see id.* at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See id*. at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*. at § 3084.1(a).

////

////

**III.    Analysis**

Defendant contends that plaintiff failed to exhaust his administrative remedies prior to filing suit, and therefore, his complaint must be dismissed. Def.'s Mot. to Dism., Mem. of P. & A. in Supp. Thereof ("Def.'s P. & A.") at 2. Plaintiff alleges that he exhausted his administrative remedies by submitting an inmate appeal on September 18, 2007, which was denied, and then appealing that denial. Compl. at unnumbered page 3. Despite plaintiff's allegations, defendant's evidence shows that plaintiff submitted two appeals following the September 5, 2007 incident described in the complaint, neither one of which exhausted his administrative remedies. *See* Def.'s P. & A., Exs. B, C.

Defendant submits the declaration of E. Reyes, the Appeals Coordinator at Mule Creek State Prison, who has access to the inmate appeal records of plaintiff. Def.'s P. & A., Ex. B, Decl. of E. Reyes ("Reyes Decl.") ¶¶ 1-3. Reyes indicates there is no record of an appeal from plaintiff dated September 18, 2007. *Id.* at ¶ 18. Further, defendant submits the declaration of N. Grannis, the Chief of Inmate Appeals Branch, which reviews all inmate appeals submitted to the third or highest level of review. Def.'s P. & A., Ex. C, Decl. of N. Grannis ("Grannis Decl.") ¶¶ 1, 8. Together, the declarations indicate that between September 5, 2007 and December 10, 2007, plaintiff filed only two inmate appeals. *See* Reyes Decl. ¶ 13-17, Attachs. A, B, C; Grannis Decl. ¶ 12.

The first appeal is dated October 10, 2007, and concerns a Rules Violation Report plaintiff received on August 14, 2007, for delaying a peace officer. Reyes Decl. ¶ 16, Attach. C. This appeal was accepted at the third level of review, however, it did not exhaust plaintiff's administrative remedies because it has no relevance to the allegations in plaintiff's complaint. *See id.* at Attach. A; Grannis Decl. ¶ 12; *see also Griffin v. Arpaio*, 557 F.3d 1117, 2009 U.S. App. LEXIS 4818, *6 (9th Cir. Mar. 5, 2009) (holding that to exhaust administrative remedies, a grievance must alert the prison to the nature of the wrong for which redress is sought).

////

1    Plaintiff's second appeal is dated October 24, 2007 and concerns a Rules Violation
2 Report received by plaintiff for mutual combat on September 5, 2007. Reyes Decl. ¶ 14, Attach.
3 B. This appeal does not concern the allegations in plaintiff's complaint, however, as it relates
4 only to claims that plaintiff was denied due process at his Rules Violation Report hearing. *See*
5 *id.* Thus, this appeal did not exhaust plaintiff's administrative remedies, as it would not notify
6 the prison of the problem described by plaintiff in the instant complaint, i.e., that defendant was
7 deliberately indifferent to plaintiff's safety needs by failing to protect him from an assault by his
8 cellmate.[4] *See Griffin*, 2009 U.S. App. LEXIS at *7.

9    Additionally, the court observes that the first appeal was signed the same day that
10 plaintiff commenced this suit and the second appeal was filed after plaintiff commenced this suit.
11 *See* Reyes Decl., Attachs. B at 1, C at 1. Thus, even if these appeals had been factually relevant,
12 which they were not, they could not have exhausted plaintiff's claims. *See Vaden*, 449 F.3d at
13 1051; *McKinney*, 311 F.3d at 1200.

14    As noted above, defendant has the burden to raise and prove the affirmative defense of
15 failure to exhaust administrative remedies. *See Jones*, 127 S. Ct. at 921; *Wyatt*, 315 F.3d at
16 1119. Defendant has carried his burden in this regard. Plaintiff has not responded by
17 demonstrating that he exhausted his administrative remedies, that such administrative remedies
18 were unavailable, or that prison officials effectively obstructed his ability to pursue his grievance
19 through the director's level of review. *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir.
20 2008). Rather, it appears that plaintiff may concede nonexhaustion, as he states in his opposition
21 brief that his "claim is not ripe because he will obtain administrative review of this decision from
22 the California Department of Corrections." Pl.'s Opp'n to Def.'s Mot. to Dism. at unnumbered
23 page 2. Given these circumstances, the court concludes that plaintiff failed to properly exhaust

---

[4] While defendant also argues that this appeal did not exhaust plaintiff's claims because plaintiff did not obtain a Director's Level decision, defendant's evidence contradicts this argument. Def.'s P. & A at 5; Reyes Decl., Attach. B at unnumbered page 2 (noting that the appeal was granted at the Director's Level on March 11, 2008).

his administrative remedies with respect to his claims and that defendant's motion to dismiss should therefore be granted.

**IV. Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss plaintiff's complaint be granted;

2. This action be dismissed without prejudice; and,

3. The Clerk of the Court be directed to enter judgment and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 30, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE